*Peirce* for the appellants.

---

### VAWTER, vs. MORGAN.

APPEAL from the court of the first district.

The provi-
sions of the
code of prac-
tice which re-
quire the
judge to fix
the amount of
the bonds to
be taken on a
writ of seques-
tration, and
the sheriff to
return it into
court are di-
rectory only.
They do not
authorise a
recourse on
the sheriff for
a neglect
from which
the plaintiffs
receive no in-
jury.

PORTER, J. delivered the opinion of the court. This is an action against the sheriff of the parish of Orleans. The ground of it, as stated in the petition, is, that in his official capacity he had sequestered 20 hogsheads of tobacco, in a suit of the plaintiff against one Palmer, and failed to deliver them up when called on; but the real point in dispute, was, whether the defendant when he surrendered the property, took good and sufficient security for its re-delivery. To this, all the evidence taken in the court of the first instance was directed, and the jury who tried the cause were of opinion he had, for they found a verdict in his favor.— This verdict, the judge below confirmed, notwithstanding an attempt was made to set it aside.

The plaintiff has appealed, and in this court

has made three points, two of law, and one in
relation to the merits.

Those of law are, that the defendant was not authorised to take the bond, and that he did not file it pursuant to the directions of the code of practice.

The first we think is sufficiently answered by the code of practice, art. 279. It is true, the provision there contained, contemplates that the judge shall fix the amount of the bonds.— But if the sum in which it is taken by the sheriff be sufficiently large, the omission to apply to the judge did not render the obligation void, and the plaintiff is bound by it.

2d. It does not appear, the sheriff returned the bond into court, but it is shewn, that the day after he took the security, he made a return on the writ, in which he stated that the property was released, gave the names of the principal and the surety, and the amount in which the obligation was taken. If the plaintiff was dissatisfied with its security, the returns furnished him with all the information necessary to enable him to exercise his legal rights. The provisions in the code of practice are only directory on this subject, and we see nothing which would authorise us to make the officer

responsible in the whole amount of the debt, for a neglect, from which the plaintiff did not suffer any injury, and which did not, in any respect, affect him in relation to the act complained of.

3d. On the merits, a perusal of the evidence does not enable us to say, the jury and court below erred. At least we are clear, the error, if there be one, is not so manifest as to authorise us to disturb the verdict.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Strawbridge* for the plaintiff, *Hennen* for the defendant.